UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 06-507-GWU

REBECCA EARLS, PLAINTIFF,

VS. **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT.

## INTRODUCTION

Rebecca Earls brought this action to obtain judicial review of an unfavorable administrative decision on her applications for Disability Insurance Benefits and for Supplemental Security Income. The case is before the Court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial review of Social Security disability benefit cases:

1. Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2. Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3. Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to

1

>   Step 4.  If no, the claimant is not disabled.  See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 461.921.
>
> 4. Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).
>
> 5. Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6. See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).
>
> 6. Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work? If yes, the claimant was not disabled. If no, proceed to Step 7. See 20 C.F.R. 404.1520(e), 416.920(e).
>
> 7. Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply.  Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence.  Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991).  This "substantial

06-507   Earls

evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight.  Garner, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim.  Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982).  This presumes, of course, that the treating physician's opinion is based on objective medical findings.  Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984).  Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary.  Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).  These have long been well-settled principles within the Circuit.  Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain.  Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms.  20 C.F.R. Section 404.1529 (1991).  However, in evaluating a claimant's allegations of disabling pain:

3

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment. The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability. Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984). However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations. Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the Court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups. Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987). Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way

4

06-507   Earls

to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983). However, both 20 C.F.R. 416.965(a) and 20 C.F.R. 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all. Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities. 20 C.F.R. 404.1567(b). "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990). If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid. Ibid. In

such cases, the agency may be required to consult a vocational specialist.  <u>Damron v. Secretary</u>, 778 F.2d 279, 282 (6th Cir. 1985).  Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments.  <u>Varley v. Secretary of Health and Human Services</u>, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Earls, a 29 year-old former hand trimmer, thermostat maker and thermostat tester with a high school education, suffered from impairments related to a seizure disorder and migraine headaches.  (Tr. 21, 23).  Despite the plaintiff's impairments, the ALJ determined that she retained the residual functional capacity to perform a restricted range of work at all exertional levels.  (Tr. 25).  Since the claimant's past work as thermostat maker and thermostat tester could still be performed, she could not be considered totally disabled.  (Tr. 25-26).

After review of the evidence presented, the undersigned concludes that the administrative decision is supported by substantial evidence.  Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff.

In determining that Earls could return to her past relevant work, the ALJ relied heavily upon the opinion of Vocational Expert William Ellis.  The hypothetical question presented to Ellis included such non-exertional limitations as a inability to ever climb ladders, ropes or scaffolds, a need to avoid exposure to hazards such as heights or dangerous machinery and a need to avoid driving.  (Tr. 254-255).  In response, the witness indicated that such a person could return to the plaintiff's past work as a thermostat maker and thermostat tester.  (Tr. 255).  Therefore, assuming that the vocational factors considered by Ellis fairly depicted the claimant's condition, then a finding of disabled status, within the meaning of the Social Security Act, is precluded.

The hypothetical question fairly characterized Earls' condition.  Dr. Allen Dawson (Tr. 196-198) and Dr. James Ross (Tr. 199-199H) each reviewed the record and opined that Earls would be unable to climb ladders, ropes or scaffolds and would need to avoid exposure to hazards.  These limitations were presented to the vocational expert.  No treating or examining source, including the staff at the Baptist Regional Medical Center (Tr. 129-130), the staff at the Cumberland River Clinic (Tr. 131-190, 201-202), and Dr. Arden Acob (Tr. 191-195, 203-211) identified the existence of more severe physical limitations than those found by the ALJ. These reports provide substantial evidence to support the administrative decision.

Earls asserts that the ALJ did not properly consider her migraine headaches.

The plaintiff does not cite any functional restrictions relating specifically to this condition which were not included in the hypothetical question.  The mere diagnosis of a condition does not prove its severity and its disabling effects must still be shown.  Higgs v. Bowen, 880 F.2d 860, 863 (6th Cir. 1988).  In December of 2005, Dr. Acob noted that her headaches had improved with medication.  (Tr. 206). Therefore, the Court must reject the claimant's argument.

Earls argues that the ALJ erred in failing to find that her seizure disorder either met or equaled the requirements of Section 11.02 of the Listing of Impairments concerning epilepsy.  This section requires:

> Epilepsy-convulsive epilepsy (grand mal or psychomotor) documented by detailed description of a typical pattern, including all associated phenomena; occurring more frequently than once a month in spite of at least 3 months of prescribed treatment. With:
>     A. Daytime episodes (loss of consciousness and convulsive seizures) or
>     B. Nocturnal episodes manifesting residuals which interfere significantly with activities during the day.

Neither medical reviewer opined that the plaintiff's condition was sufficient to either meet or equal a Listing.  Furthermore, examination of the treatment notes does not reveal findings which suggest that the Listing was met or equaled.

Earls first experienced seizures during her first pregnancy in 2000 at which time she was placed on medication.  (Tr. 130).  Earls did not complain about seizures again until July 30, 2004, when she reported to Dr. James Killian of

9

Cumberland River that she had a seizure 10 days earlier.[1]  (Tr. 137).  She had not been on any medication since the first pregnancy.  (Id.).  An EEG was obtained which was normal.  (Id.).  She was placed on medication and warned not to drive.  (Id.).  In November of 2004, she was noted to be doing well but was having difficulty paying for her medicine.  (Tr. 135).  Her medication was changed in January of 2005.  (Tr. 134).  Seizure complaints were again voiced in March of 2005.  (Tr. 133).  In January of 2006, Dr. Killian indicated that the condition was under good control.  (Tr. 202).

The patient was referred to Dr. Acob who first saw her in June of 2005.  The plaintiff reported having one seizure during that month.  (Tr. 191).  In August of 2005, the claimant reported averaging one seizure a month.  (Tr. 210).  She returned to Dr. Acob in late October and reported experiencing two seizures since her August visit.  (Tr. 208).  She returned to the physician in early December and reported having one seizure in the interim.  (Tr. 206).  When last seen in March of 2006, the claimant indicated she had suffered only one seizure in the past three months.  (Tr. 204).  Thus, the treatment records do not indicate the frequency of seizures required to meet the Listing.

---

[1] The plaintiff repeatedly told Dr. Acob that her seizures resumed during her second pregnancy.  (Tr. 191, 193, 204, 206, 208, 210).  However, she told Dr. Killian that she had no problems during the second pregnancy and that the seizures only resumed ten days before the July, 2004 office visit.  (Tr. 137).

Earls asserts that the ALJ erred in failing to state in sufficient detail the reasons why she was found to neither meet or equal the Listing, noting that the ALJ only indicated that no Listing section had been met or equaled. (Tr. 23). However, the ALJ did extensively discuss the evidence and the ALJ cited several reasons, including the lack of disabling restrictions from treating sources and the opinions of the medical reviewers, as to why the plaintiff's claims of disability were not well-supported. (Tr. 24). The burden was on the claimant to prove that she met or equaled a Listing rather than the ALJ to prove this was not the case. Therefore, the Court finds no error.

Earls also argues that the ALJ should have obtained the testimony of a medical advisor to consider the issue of medical equivalence and cites Social Security Ruling 96-6p in support. This ruling requires an ALJ to obtain updated medical expert testimony when additional medical evidence is introduced after the medical reviewers have initially seen the record where the new evidence could modify the medical consultant's opinion. In the present action, the medical records introduced after the June, 2005 review of Dr. Ross clearly do not indicate that the Listing could be met or equaled. As previously noted, Dr. Killian indicated that the plaintiff's seizures were under good control in January of 2006. The plaintiff reported only five seizures to Dr. Acob during the nine month period she saw him

between June, 2005 and March, 2006. Therefore, the Court rejects the claimant's argument.

Earl argues that the ALJ did not properly evaluate her subjective pain complaints. Pain complaints are to be evaluated under the standards announced in <u>Duncan v. Secretary of Human Services</u>, 801 F.2d 847, 853 (6th Cir. 1986): there must be evidence of an underlying medical condition and (1) there must be objective medical evidence to confirm the severity of the alleged pain arising from the condition or (2) the objectively determined medical condition must be of a severity which can reasonably be expected to give rise to the alleged pain.

In the present action, Earls was found to be suffering from a potentially painful condition. However, even if she could be found to have satisfied the first prong of the so-called <u>Duncan</u> test, the claimant does not meet either of the alternative second prongs. Despite her diagnosis of a seizure disorder, an EEG was normal. No physician imposed disabling functional limitations. Thus, the medical evidence does not appear sufficient to confirm the severity of the alleged pain and objective medical evidence would not appear to be consistent with the plaintiff's claims of disabling pain. Therefore, the ALJ would appear to have properly evaluated Earls' pain complaints.

The Court notes that Earls submitted additional medical evidence directly to the Appeals Council which was never seen by the ALJ. (Tr. 8-13). This action

06-507   Earls

raises an issue concerning a remand for the taking of new evidence before the Commissioner.  Cotton v. Sullivan, 2 F.3d 692 (6th Cir. 1993).

A court may order additional evidence be taken before the Commissioner, "...but only upon a showing that there is new evidence to be taken which is material and there is good cause for the failure to incorporate such evidence into the record in a prior proceeding..."   42 U.S.C. Section 405(g).  The statute provides that a claimant must prove that the additional evidence is both "material" and that "good cause" existed for its not having been submitted at an earlier proceeding.  Sizemore v. Secretary of Health and Human Services, 865 F.2d 709, 710 (6th Cir. 1988).  In the present action, the plaintiff has failed to adduce arguments as to why a remand for the taking new evidence is required.

The undersigned concludes that the administrative decision should be affirmed.  Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff.  A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 21st day of September, 2007.



Signed By:
G. Wix Unthank
United States Senior Judge

13